```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

MICHAEL A. SUBENKO,       )
                          )
      Plaintiff,          )
v.                        )   C.A. No. 04-10227-PBS
                          )
FRANK MONDANO,            )
                          )
      Defendant.          )
                          )
```

## MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff's complaint will be dismissed for lack of jurisdiction.

## BACKGROUND

Pro se plaintiff Michael A. Subenko, an inmate currently incarcerated at Souza-Baranowski Correctional Center, filed a complaint and an application to proceed without prepayment of fees on January 30, 2004. Plaintiff's application to proceed without prepayment of fees was granted on February 23, 2004.

## ALLEGED FACTS

The complaint alleges that plaintiff, a Massachusetts citizen, hired the defendant, also a Massachusetts citizen, to provide legal representation on his behalf in connection with a criminal matter in March, 1998. Complaint ¶¶ 1- 2, 6. Plaintiff alleges that defendant failed to represent him adequately. Specifically, plaintiff alleges that defendant failed to obtain a competency hearing for plaintiff prior to

his January, 1999 trial, and failed to investigate plaintiff's defense adequately.  Complaint ¶¶ 7-12.  Plaintiff also claims that defendant overcharged for his services.  Complaint ¶ 13.  Plaintiff seeks $10,000.00 (ten thousand dollars) in damages.  Complaint ¶ 15.

## ANALYSIS

Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.  In order for this Court to review petitioner's claims, it must have either federal question jurisdiction or diversity subject matter jurisdiction.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).  See Fed. R. Civ. P. 12(h)(3) ("whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

I. This Court Does Not Have Federal Question Jurisdiction Over Plaintiff's Claims

Federal question jurisdiction exists only when the action involves claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, plaintiff has alleged, at best, only state law claims of breach of contract and/or negligence by his former attorney.  Such claims are insufficient to confer subject matter jurisdiction under 28 U.S.C. § 1331.

II.  This Court Does Not Have Diversity Jurisdiction Over Plaintiff's Claims

Moreover, a district court has diversity jurisdiction only when the matter in controversy both "exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Based on the allegations in plaintiff's complaint, it is apparent that neither of these two requirements has been satisfied in this case. First, plaintiff's complaint alleges that both parties are Massachusetts residents. Complaint ¶¶ 1-2. Second, plaintiff's complaint alleges that the sum in controversy is only $10,000.00. Complaint ¶ 15. Accordingly, diversity jurisdiction does not exist in this case. See e.g., Diaz v. General Sec. Servs. Corp., 93 F. Supp. 2d 129, 133 (1st Cir. 2000) (dismissal appropriate for failure to meet requirements of § 1332).

ORDER

ACCORDINGLY, this case will be dismissed without prejudice for lack of jurisdiction, without further Order from the Court. Dated at Boston, Massachusetts, this 16th day of July, 2004.

 s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE